### CASPER WELZ *v.* GEORGE W. NILES AND ANOTHER.

The court will restrain, by injunction, the execution of a void warrant issued in summary proceedings for the recovery of land, it appearing that the party in whose favor the warrant was issued was irresponsible, and the plaintiff had, therefore, no adequate remedy at law, in case of the execution of such warrant.

SPECIAL TERM, <em>March</em>, 1869.

MOTION to dissolve injunction.

The action was brought to restrain the defendants from executing a warrant issued September 1, 1868, in certain summary proceedings to recover possession of demised premises,

Caspar Welz v. George W. Niles.

had before the city judge. A preliminary injunction was granted, which the defendants moved to vacate.

*George W. Niles*, for the motion.

*James H. Whitelegge*, opposed.

BARRETT, J.—The proceedings of June 13, 1868, and of September 1, 1868, were void. In neither instance did the alleged tenancy expire upon the day when the summons was issued, nor upon the preceding day. The summons in each case should, therefore, have been made returnable in not less than three nor more than five days (Laws of 1868, chap. 828, § 1). Even if the September proceeding had been instituted upon the day when the tenancy terminated, it was still irregular and void, in that the summons was not made returnable after 12 M. and before 6 P. M. (*Id.*)

The execution of a warrant based upon such proceedings would be an act of trespass, which the plaintiff charges would work irreparable injury, and for which he has no *adequate* legal remedy. Again, he stated in his affidavit that the defendant, Niles, is irresponsible, and this is nowhere denied. The answer denies all the averments in the complaint, but this statement is not made in the complaint. It is found in the plaintiff's affidavit, and the defendants' opposing affidavit fails to notice it. Thus we have a threatened trespass by an irresponsible defendant, the infliction of which, it is charged, would work irreparable injury and which could not be adequately redressed. Under such circumstances the injunction should be retained.

There is nothing in the other point. The delay in prosecuting the action has not been unreasonable, and the defendants have it in their power to place it upon the calendar and to move it when reached. This objection is also fully met by the affidavit of the plaintiff's attorney, and especially by the statement of his inability to discover the defendants' attorney and the information which he received, and which is wholly unexplained, that the name of such attorney is assumed by the defendant, Niles.

The motion must be denied, with costs.